(Not for publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
MARK BEATO,                         :
                                    :
            Plaintiff,              :   Civil No. 04-5489 (RBK)
                                    :
      v.                            :   **OPINION**
                                    :
TOMMY G. THOMPSON, SECRETARY        :
OF HEALTH AND HUMAN SERVICES,       :
and JOANNE B. BARNHART,             :
COMMISSIONER OF THE SOCIAL          :
SECURITY ADMINISTRATION,            :
                                    :
            Defendants.             :
_____:

**KUGLER**, United States District Judge:

Presently before this Court is a motion by plaintiff Mark Beato ("Plaintiff") seeking an award of costs and attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  For the reasons set forth below, this Court will grant Plaintiff's motion.

**I.      BACKGROUND**

Plaintiff applied for and was denied disability insurance benefits.  He exhausted his administrative remedies, and sought review of the Commissioner of Social Security's ("Commissioner") decision in this Court pursuant to 42 U.S.C. § 405(g).  The parties agreed to

1

remand, and on October 24, 2005 this Court signed a consent order reversing the Commissioner's decision and remanding for further administrative proceedings. On November 22, 2005, Plaintiff filed the motion presently before this court, seeking an award of $7,046.28 in attorney's fees and $218.96 in costs.

## II.   STANDARD

The EAJA states that an award of costs and attorney's fees "may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(a)-(b). A party who obtains a remand to the Commissioner qualifies as a "prevailing party" for purposes of § 2412. Shalala v. Schaefer, 509 U.S. 292, 201-02 (1993); Luna v. Apfel, 986 F. Supp. 275, 276 n.3 (D.N.J. 1997) (citing Shalala).

In this case, Plaintiff bears the burden of showing that the amount requested is reasonable. See Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) ("The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable. To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'") (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Once Plaintiff has met this burden, the Commissioner then bears the burden of challenging "the reasonableness of the requested fee." Rode, 892 F.2d at 1183.

When reviewing the reasonableness of a fee request, "[t]he district court cannot 'decrease a fee award based on factors not raised at all by the adverse party.'" Id. (quoting Bell v. United Hudson Prop., Inc., 884 F.2d 713 (3d Cir. 1989)). However, "once the adverse party raises

objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." Rode, 892 F.2d at 1183.

### III.   ANALYSIS

In this case, the Commissioner does not challenge Plaintiff's assertion that he is entitled to fees under § 2412, or that $158.70 per hour is an appropriate rate for which Plaintiff's counsel can bill. The Commissioner does challenge the reasonableness of the hours expended by Plaintiff's counsel for several different tasks. Accordingly, this Court must determine whether the hours were "reasonably expended," and exclude those which are found to be "excessive, redundant, or otherwise unnecessary." Id. Specifically, the Commissioner claims that counsel's use of 7.1 hours to review the administrative record, 25 hours to draft a 13-page brief, and 2.7 hours for research and correspondence regarding "remand issues" were excessive. The Commissioner further asserts that the nineteen entries of .2 hours for reviewing or drafting correspondence are excessive.

####   A.   Review of the Administrative Record

Counsel notes that he did not represent Plaintiff during the administrative proceedings. Therefore, counsel asserts that "a thorough review of the record was necessary to evaluate and identify all possible issues." (Pl.'s Reply Br. at 2.) The record that counsel needed to review was 436 pages in length. Having reviewed such records, this Court can certainly empathize with counsel in the painstaking task of reviewing such a record, and agrees that 7.1 hours is a reasonable amount of time for one to thoroughly review such a record.

B.     Drafting of the Brief

This Court further finds that counsel's use of 25 hours to draft a 13-page brief is reasonable. See Walton v. Massanari, 177 F. Supp. 2d 359 (E.D. Pa. 2001) (finding that approximately two hours per page is a reasonable pace to draft a brief) (citing Maldonado v. Houstoun, 256 F.3d 181 (3d Cir. 2001)).

C.     Remand issues

This Court finds that the 2.7 hours spent by counsel dealing with the language used in the Commissioner's remand order were reasonable. While the Commissioner argues that "[t]he Commissioner's offer of remand was entirely standard and did not require an additional expenditure of 2.7 hours of attorney time in research and correspondence[,]" (Def.'s Br. at 2) counsel notes that as a result of these efforts, "the Commissioner relented and modified this form of 'standard' order." (Pl.'s Reply. Br. at 3.) Accordingly, this Court cannot find the time spent on this issue to be unreasonable.

D.     Correspondence

This Court finds that counsel's use of approximately four hours for corresponding with his client, this Court, and opposing counsel is reasonable. The statement submitted by counsel itemizes each call or letter, and the Commissioner's claim that this time was spent "often in cases where no extensive review was warranted" (Def.'s Br. at 3) is wholly unsupported.

IV.     CONCLUSION

Based on the foregoing reasoning, this Court will grant Plaintiff's motion and award Plaintiff costs and attorney's fees in the amount of $7,265.24 pursuant to 28 U.S.C. § 2412.  The accompanying Order shall issue today.


Dated: December 12, 2006                             s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge